Alan McSURELY, Plaintiff-Appellant,

v.

George W. HUTCHISON,
Defendant-Appellee.

No. 86–5047.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 27, 1987.

Decided July 24, 1987.

William H. Allison, Jr., Allison, Soreff and Garber, David A. Friedman, Louisville, Ky., Morton Stavis (argued), New York City, for plaintiff-appellant.

Mellie H. Nelson, Justice Dept., Civil Div., Washington, D.C., Barbara L. Herwig, E. Roy Hawkens, Edward R. Cohen, Lead Counsel (argued), for defendant-appellee.

Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Plaintiff, Alan McSurely, appeals from a summary judgment dismissing his complaint in a *Bivens* action [*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)] against the defendant, George W. Hutchison, a Kentucky resident and former agent in charge of the F.B.I., Louisville office, upon the ground that, under *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), applied retroactively in accordance with *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), plaintiff's claim was barred by Kentucky's one-year statute of limitations. Ky.Rev.Stat.Ann. § 413.-140(1)(a) (Baldwin 1981).

Plaintiff initially filed this action, on November 1, 1981, in the United States District Court for the District of Columbia, which thereafter, pursuant to a consent decree, transferred the case to the United States District Court for the Western District of Kentucky, and also dismissed the complaint as to the other defendants, the Federal Bureau of Investigation, the Department of Health and Human Services, and the Office of Personnel Management.

Plaintiff's amended and supplemental complaint alleges that Hutchison violated his first, fourth, fifth, and ninth amendment rights by directing and conducting an unconstitutional surveillance and disruptive program against him, while he was employed from 1967 through 1969 by the Southern Conference Educational Fund in Pike County, Kentucky. Plaintiff was engaged in advising Appalachian residents of their economic and political rights. He alleges that Hutchison, as part of this unlawful surveillance, fraudulently interviewed plaintiff under the pretext of conducting an investigation for the purpose of apprehending and prosecuting unknown persons who had dynamited his home in December 1969; assembled a voluminous dossier of selectively edited and unverified reports, and forwarded those reports to other F.B.I. offices and security agencies in an effort to impede plaintiff's employment. He further alleges that Hutchison's purpose was to prevent employers from hiring him and that, as a result of Hutchison's information, the Department of Health and Human Services denied him employment, which he would otherwise have obtained and, also, noted that he should not be considered for any future employment. These actions are alleged to have caused plaintiff embarrassment, mental and emotional pain, loss of employment, and the disruption of his personal privacy and safety.

On September 18, 1984, the district court overruled defendant's motion for summary judgment. The district court characterized plaintiff's claims as being based upon direct violations of the federal constitution and held that Ky.Rev.Stat.Ann. § 413.-120(2) (Baldwin 1981), a five-year statute of limitations (for actions upon a liability created by statute, when no other time is fixed by the statute creating the liability), governed plaintiff's claims.

However, on December 11, 1985, the district court reversed itself and granted summary judgment in view of the Supreme Court's intervening decision in *Wilson*, which held that all 42 U.S.C. § 1983 actions should be characterized, for the purpose of statutes of limitations, as involving claims for personal injuries. The district court held that *Wilson* should be applied to *Bi-*

*vens* claims because it was apparent from plaintiff's pleadings that he complained of the infliction of constitutional torts which are very similar to the constitutional torts which are actionable under 42 U.S.C. § 1983. The court accordingly applied the one-year Kentucky limitations period for personal injury torts, and ruled that *Wilson* should be applied retroactively to plaintiff's claim.

■ Plaintiff first contends that, regardless of the applicable statute of limitations, he did not have information sufficient to put him on inquiry notice and awareness of the person responsible for his injury until the time he took Hutchison's deposition on March 24 and 25, 1981, eight months prior to the filing of this action, and cites, in support of his argument, the cases of *Fitzgerald v. Seamans*, 553 F.2d 220, 228 (D.C. Cir.1977), *citing Holmberg v. Armbrecht*, 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–85, 90 L.Ed. 743 (1946); *Hobson v. Wilson*, 737 F.2d 1 (D.C.Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985); *Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); and *Hobson v. Brennan*, 625 F.Supp. 459, 468 (D.D.C. 1985).

The pleadings and the evidence in the record indicate that, on September 13, 1978, a document was released by the F.B.I. to plaintiff and others, under the Freedom of Information Act, which stated that a document dated July 24, 1969, captioned "Alan (no middle initial) McSurely" had been provided to the Civil Service Commission and the Department of Health and Human Services, on August 4, 1969. The name of the author, defendant Hutchison, was redacted from the report.

On September 14, 1979, in response to a request for a production of documents in the case of *McSurely v. McClellan*, 553 F.2d 1277 (D.C.C.1976), *cert. dismissed*, 438 U.S. 189, 98 S.Ct. 3116, 57 L.Ed.2d 704 (1978), the McSurelys provided defendants in that action with documents, among which were thirteen documents from the F.B.I. with the initials "G.W.H.," one document identifying George W. Hutchison in the text, and an F.B.I. report about Alan McSurely dated July 24, 1969, indicating on the first page a report made by George W. Hutchison. Also included in the production by the McSurelys in 1979 was an F.B.I. memorandum dated August 13, 1969, stating explicitly that the July 24, 1969 report was furnished to the Civil Service Commission and the Department of Health and Human Services on August 4, 1969.

Finally, in connection with discovery in the above cited case, plaintiffs, on July 15 and 31, 1980, deposed John A. Burke, an F.B.I. agent formerly assigned to Pikeville. In those depositions, plaintiffs used exhibits with the initials "G.W.H.," which Burke identified as standing for George W. Hutchison, and questioned Burke about Hutchison.

Plaintiff does not argue with these facts, only their significance. In view of plaintiff's own allegations that he became aware of the fact that he was a victim of wrongdoing by the F.B.I. and its agents on November 3, 1978, and of the undisputed fact that Hutchison's identity and involvement were pinpointed by the production of documents in September 1979, and the depositions of agent Burke in July 1980, we agree with the trial court's view that the record, when construed most favorably to plaintiff, leads inescapably to the conclusion that the limitations period began to run against plaintiff more than one year prior to the filing of his complaint on November 2, 1981.

■ Plaintiff next contends that the rule of *Wilson* should not be applied to *Bivens* actions.

Specifically, plaintiff argues that *Wilson* is expressly grounded in statutory construction and the legislative history surrounding the enactment of the Civil Rights Act; that *Bivens* actions, being creatures of federal common law, do not lend themselves to similar analysis; and that the underlying policy of *Bivens* is to maintain the proper balance between the personal liberties guaranteed by the Bill of Rights, and the effective exercise of power by the executive branch.

However, the fact that *Bivens* actions are not bound by a congressional enactment construed in the light of its legislative history, provides no rational basis for denying to defendants and courts the same statutory limitations protection that *Wilson* provides in § 1983 cases.

Further, insofar as the policies underlying limitations periods are concerned, we believe that an action against a federal officer for violation of a plaintiff's constitutional rights is analogous to 42 U.S.C. §§ 1981 and 1983 actions commenced against a state officer. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). *Bivens* actions are not significantly dissimilar to claims brought under §§ 1981 and 1983 in terms of the interests being protected, the relief which may be granted, and the defenses which may be asserted.

The reasoning of *Wilson* and *Demery v. City of Youngstown,* 818 F.2d 1257, 1263–64 (6th Cir.1987), concerning 42 U.S.C. §§ 1981 and 1983 claims, respectively, appears to apply persuasively to the characterization of *Bivens* claims for purposes of applying statutes of limitations. The concurring opinion of Judge Guy in *Demery* is illuminating as to this point:

> Since there is a considerable overlap between what is covered under § 1981 and § 1983, *e.g.,* employment discrimination on the basis of race, it is not hard to visualize potential problems arising from different periods of limitation. If you have a six-year statute of limitations for § 1981 and a one-year statute for § 1983, you would have emasculated the limitations period for § 1983 cases in which such overlap exists. But, has not this historically always been the case? Technically "yes" but from a practical standpoint "no." It is not unusual for plaintiffs to sue as many defendants under as many different theories as is possible. For example, in civil rights actions, the combining of § 1981 with § 1983 and a liberal sprinkling of direct constitutional causes of action is the rule rather than the exception. When these cases were few in number this kind of shotgun approach was tolerated more often than

not. Now that the federal courts are inundated with these cases, a judicial housecleaning is in order and indeed has begun. [Footnote omitted.]

At 1264.

Plaintiff also contends that, even if *Wilson* applies to *Bivens* cases, the applicable period should not be the one-year limitation of Ky.Rev.Stat.Ann. § 413.140(1)(a) (Baldwin 1981), for an "action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice or servant" but, instead, should be the five-year limitations period of Ky.Rev.Stat.Ann. § 413.120(7) (Baldwin 1981), for an "action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated." Both the Supreme Court and this court have previously rejected similar arguments.

*Wilson* directed lower federal courts confronted with § 1983 actions to apply each state's statute of limitations for personal injury actions in determining whether the claims were time-barred. It pointed out that a catalog of other constitutional claims that has been alleged under § 1983 would encompass numerous and diverse topics and subtopics. The Supreme Court specifically refused to apply either the New Mexico statute which provided a three-year limitations period for actions for an injury to the personal reputation of any person, or the New Mexico statute which provided a four-year limitations period for all other actions not otherwise provided for.

This court, faced with a choice of several Ohio statutes, chose the one-year Ohio statute applicable to libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice. *See Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). The only alternative limitation considered was the Ohio statute barring claims for bodily injury after two years. The court specifically rejected Ohio Rev.Code Ann. § 2305.09(D) (Anderson 1981), stating that it was "in the nature of a catch-all statute of limitations, as compared to sections 2305.10 and 2305.11, and

is, therefore, inapplicable to federal rights actions brought under 42 U.S.C. §§ 1983 and 1985."

■ Finally, plaintiff argues that *Wilson* should not be applied retroactively, and that the three factors articulated in *Chevron Oil Co. v. Huson*, 404 U.S. at 106–07, 92 S.Ct. at 355, when applied to this case, require this court to hold that it would be inequitable to bar his action.

In this case, the district court, after careful consideration, concluded that application of the *Chevron* factors does not warrant prospective application of *Wilson* to plaintiff's case. Assuming without deciding that the court was required to consider the *Chevron* factors in this appeal [*see, e.g., St. Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)], we agree with the district court that there was just no basis under *Chevron* for applying the limitations prospectively only. We are unable to conclude that any longer applicable statute had been clearly established for *Bivens*-type cases at the time plaintiff's cause of action arose here, which would make retroactive application of the rule unfair, or otherwise violative of the principles of *Chevron v. Huson.* Clearly, it would be inequitable, under *Chevron* standards, to permit the plaintiff to bring a suit in Kentucky that is barred by the Kentucky statute of limitations, upon the basis that he was originally justified, by a District of Columbia statute of limitations, in bringing the action in the District of Columbia, which has no interest in the parties or the claim.

The judgment of the district court is affirmed.