833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Plaintiff-Appellant,
v.
Albert W. BARBER, Jr., Defendant-Appellee.
 No. 87-5507.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 This pro se federal prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint in which he alleged that the defendant, his privately retained attorney, failed to properly represent him. In an amended complaint, he further alleged that the defendant conspired with the U.S. attorney to deny him his constitutional rights in violation of 42 U.S.C. Sec. 1985(2) and (3). The district court dismissed the complaint for failure to state a claim.
 
 
 3
 Upon review, we conclude that the district court acted properly. Both Secs. 1983 and 1985 are inappropriate because of the absence of state action. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Under a liberal construction, the facially correct cause of action is a Bivens suit. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, a Bivens action must fail because there is no federal action: privately retained counsel do not act under color of law. See McCord v. Bailey, 636 F.2d 606 (D.C.Cir.1980); Slavin v. Curry, 574 F.2d 1256 (5th Cir.1978).
 
 
 4
 Furthermore, the plaintiff's conspiracy claim fails because convicted felons do not constitute a recognized class for the purpose of this action and because the claim consists of vague, conclusory allegations unsupported by any material facts. See Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984). Even if the plaintiff's claims were meritorious, he is time-barred since the applicable statute of limitations for Bivens actions in Kentucky is one year. McSurely v. Hutchison, 823 F.2d 1002, 1005-6 (6th Cir.1987). The plaintiff pleaded to the charges in July 1985, but did not file the instant suit until January 1987, one and a half years later.
 
 
 5
 Finally, despite the plaintiff's characterization of his claims as civil rights violations, he is essentially claiming that his plea was not voluntary and intelligent. Such an attack on his conviction must be brought in a motion to vacate pursuant to 28 U.S.C. Sec. 2255. Cf. Bush v. Lucas, 462 U.S. 367 (1983) (A Bivens action will not be implied if the plaintiff has an adequate remedy available pursuant to a comprehensive statutory scheme).
 
 
 6
 Accordingly, the district court's judgment of dismissal is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.