838 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Joe HOLLAND, Plaintiff-Appellant,
v.
George WILSON, Al C. Parke, James E. Castle, R.G. Hendricks,
C. Ramey, S. Talbott, and J.W. Travis, Defendants-Appellees.
 No. 87-5514.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1988.
 
 Before BOYCE F. MARTIN Jr., RALPH B. GUY, Jr., and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals the district court's judgment sua sponte dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 for frivolity as authorized under 28 U.S.C. Sec. 1915(d). The matter has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his suit filed in 1987, plaintiff complained that the defendants wrongfully placed him in disciplinary segregation in 1982 without affording him adequate due process protection.
 
 
 3
 Upon review, we conclude plaintiff's suit was properly subject to dismissal because it was filed beyond the applicable one-year statute of limitations contained in Ky.Rev.Stat. Sec. 413.140(1)(a). See McSurely v. Hutchison, 823 F.2d 1002, 1005 (6th Cir.1987), petition for cert. filed (Oct. 22, 1987). Plaintiff's action accrued at the time of the alleged violation of his constitutional rights; yet his suit was not filed until five years later. Under these circumstances, the suit was clearly time-barred. We further conclude under current and prevailing precedent that the incarceration of the plaintiff during this five year period did not serve to toll the running of the applicable Kentucky statute of limitations. See Higley v. Michigan Dep't of Corr., 835 F.2d 623 (6th Cir.1987). Pursuant to Higley, incarceration alone simply will no longer serve as a basis to toll the running of the Kentucky statute of limitations as such would be contrary to federal policy considerations underlying 42 U.S.C. Sec. 1983.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.