848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Buckner FRENCH, Plaintiff-Appellant,
v.
Ted W. EVANS, Chief of Police, Frankfort, Kentucky, Stephen
Dorcy, General Manager, Holiday Inn, and Wayne
Harrod, Defendants-Appellees.
 No. 87-6236.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff, a Kentucky state prisoner, appeals the district court's summary judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 and the Declaratory Judgment Act, 28 U.S.C. Secs. 2201 and 2202. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff sued the Chief of Police of Frankfort, Kentucky, and two private individuals claiming they conspired to deny plaintiff of his property (a 1976 Monte Carlo and its contents) without due process. The vehicle was towed from the lot of a Holiday Inn where it was abandoned when the plaintiff was arrested.
 
 
 3
 The matter was referred to a United States magistrate who recommended that summary judgment be granted to the defendants and that the case be dismissed without prejudice to the plaintiff's right to file an action in state court. Upon review of the plaintiff's objections, the district court dismissed the action as time-barred and because the plaintiff failed to state a cognizable claim under 42 U.S.C. Sec. 1983.
 
 
 4
 Upon review, we conclude the district court properly dismissed this suit. The timeliness of all Sec. 1983 suits that arise out of Kentucky shall be determined under the one-year statute of limitations contained in Ky.Rev.Stat. Sec. 413.140(1)(a). See McSurely v. Hutchison, 823 F.2d 1002, 1006 (6th Cir.1987) (applying the limitations period to a Bivens-type suit), cert. denied, 108 S.Ct. 1107 (1988). Although the events of which plaintiff complains occurred in March of 1985, plaintiff did not file his suit until February 6, 1987, well beyond the one-year time period. Furthermore, we expressly decline to allow tolling of Sec. 1983 suits on the basis of incarceration as provided for under Ky.Rev.Stat. Sec. 413.310, as such would be inconsistent with federal policy considerations underlying Sec. 1983. See Higley v. Michigan Dep't of Corr., 835 F.2d 623 (6th Cir.1987).
 
 
 5
 Finally, we also agree with the district court's conclusions that plaintiff did fail to state a cognizable claim under 42 U.S.C. Sec. 1983 and the Declaratory Judgment Act.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.