869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Curtis WILFORD, Plaintiff-Appellant,
v.
CITY OF LOUISVILLE, Jerry Abramson, Rusty Wilson, LPD, Frank
Quickert, City Law Director, Bill Ballentine, City
Treasurer, Barbara J. Kalkhoff, Internal Auditor, Richard
Dotson, Chief LPD, E. Blaser, LPD, Defendants-Appellees.
 No. 88-5742.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1989.
 
 1
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 Charles Wilford, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On February 16, 1988, Wilford tendered a complaint in the district court seeking declaratory, injunctive, and monetary relief for an alleged unconstitutional deprivation of his automobile on November 18, 1986. The district court dismissed the action as barred by the statute of limitations.
 
 
 4
 Upon consideration, we conclude the district court properly dismissed this suit as untimely. For statute of limitations purposes, all actions filed under 42 U.S.C. Sec. 1983 are characterized as personal injury actions, and as such, they are governed by the most appropriate limitations period for personal injuries in the state where the cause of action accrued. See Owens v. Okure, 109 S.Ct. 573 (1989). The present action is governed by a one-year limitations period under Ky.Rev.Stat. Sec. 413.140(1)(a). See McSurley v. Hutchison, 823 F.2d 1002, 1005 (6th Cir.1987). To be timely, the action should have been filed within one year from the date the cause of action accrued, November 16, 1988, the day plaintiff's automobile was seized. Plaintiff did not file this action until February 16, 1988. It was therefore untimely as the running of the limitations period was not tolled under the circumstances of this case.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation