888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marilyn LUFKIN, Plaintiff-Appellant,
v.
CITY OF PADUCAH, Defendant-Appellee.
 No. 89-5314.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Marilyn Lufkin, a pro se New York resident, appeals the district court's dismissal of her diversity complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lufkin alleged that sometime during October of 1986 she was arrested by a Paducah, Kentucky police officer and charged with disorderly conduct and resisting arrest. The following day the charges were dropped and Lufkin was released from jail. Seeking monetary, declaratory and injunctive relief, Lufkin filed suit in December 1988 alleging: 1) she was physically abused when she was arrested; 2) the arrest was unlawful as it was made without probable cause; and 3) she was subjected to libel and slander when the defendant released her arrest record to various governmental agencies in Maryland. The magistrate recommended the complaint be dismissed finding that the suit was time-barred by Kentucky's one year statute of limitations. The district court adopted the magistrate's report over Lufkin's objections.
 
 
 3
 On appeal, Lufkin reasserts her claims and requests the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment as Lufkin's suit is clearly time-barred. In Kentucky, the statute of limitations for personal injury, false arrest, libel, and slander is one year. See Ky.Rev.Stat. Sec. 413.140(a)(c) and (d). Even if we construe the complaint as possibly asserting a civil rights claim under 42 U.S.C. Sec. 1983, the statute of limitations is also one year. See McSurely v. Hutchinson, 823 F.2d 1002, 1005 (6th Cir.1987), cert. denied, 108 S.Ct. 1107 (1988).
 
 
 5
 In this case, Lufkin alleged that she was arrested and jailed in October of 1986. But, the instant complaint was not filed until December 15, 1988. Thus, the complaint was time-barred as it was not filed within one year after Lufkin's cause of action accrued.
 
 
 6
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.