892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. MASON, Plaintiff-Appellant,
v.
Will Tom WATHEN, Circuit Court Judge, Webster Co., Ky;
Tommy Chandler, Commonwealth Attorney, Webster Co., Ky;
Lontte Dunning Phelps; Connie Townsend, Circuit Court
Clerk, Webster Co., Ky (in their individual and official
capacities); County of Webster, Kentucky, Defendants-Appellees.
 No. 89-5366.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert L. Mason, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Mason sued appellees alleging that they had joined a conspiracy to fraudulently alter the recordings of testimony and the transcript of his trial, on charges of kidnapping, in violation of his constitutional rights. After a somewhat lengthy procedural history, the district court granted summary judgment for appellees, finding that Mason had failed to state a claim upon which relief could be granted because his claims were barred by the applicable statute of limitations. Mason has filed a timely appeal, challenging the dismissal of his case.
 
 
 4
 Upon review, we conclude that the district court's judgment must be vacated and the case remanded for further consideration because the district court erred in concluding that the applicable statute of limitations bars Mason's claim.
 
 
 5
 Concluding that Mason's § 1983 claims accrued in August of 1983, see Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984), the district court applied Kentucky's one-year personal injury statute of limitations to Mason's claims, see Ky.Rev.Stat.Ann. § 413.140(1)(a) (Michie/Bobbs-Merrill 1972); McSurely v. Hutchison, 823 F.2d 1002, 1005-06 (6th Cir.1987), cert. denied, 108 S.Ct. 1107 (1988), and found Mason's claims to be barred since the complaint was not filed until February 1985, more than eighteen months after the claims accrued.
 
 
 6
 However, in reaching its decision, the district court failed to consider the effect of Ky.Rev.Stat.Ann. § 413.310, which tolls the applicable statute of limitations period, regardless of when the claim accrues, if a plaintiff is confined in a Kentucky state penitentiary. See Ky.Rev.Stat.Ann. § 413.310 (Michie/Bobbs-Merrill 1972); Cunningham v. Jones, 567 F.2d 653, 654 n. 2 (6th Cir.1977). There is evidence of record which shows that by February 1983, Mason was already housed in the Kentucky State Reformatory and that he continued to be an inmate there in February 1985 when he filed his complaint. Consequently, we conclude that Mason's confinement in a state penitentiary tolled the applicable statute of limitations period for § 1983 actions under Kentucky law.
 
 
 7
 Accordingly, the judgment of the district court is hereby vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.