83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Joseph BOGARD, Plaintiff-Appellant,
v.
Ronald W. MELLISH, et al., Defendants-Appellees.
 No. 95-1543.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: SUHRHEINRICH and COLE, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 William Joseph Bogard appeals a district court judgment dismissing his complaint filed under the authority enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bogard filed his complaint and an amended complaint in the district court alleging that the defendant former Michigan United States Attorney and Michigan and Kentucky Assistant United States Attorneys failed to honor a 1978 written agreement to file a Fed.R.Crim.P. 35 motion for reduction of his sentence after he agreed to testify in another criminal case. Defendants moved to dismiss the complaint as amended as barred under the applicable statute of limitations, and plaintiff responded in opposition. Following a hearing, the district court granted defendants' motion and dismissed the amended complaint.
 
 
 4
 On appeal, plaintiff reiterates his contention that his complaint is not barred under the applicable statute of limitations because the government fraudulently concealed its failure to honor its agreement to file a motion for reduction of sentence. The government responds that plaintiff's complaint is barred under the statute of limitations applicable to Bivens actions.
 
 
 5
 Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court on the record during its November 29, 1994, hearing. Plaintiff's complaint clearly is barred under the three-year statute of limitations applicable to civil rights actions arising in Michigan. See McSurely v. Hutchison, 823 F.2d 1002, 1004-05 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988); Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Moreover, plaintiff cannot meet his burden of proving the applicability of the doctrine of fraudulent concealment under the facts of this case. See Hill v. United States Dep't of Labor, 65 F.3d 1331, 1335-36 (6th Cir.1995); Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1465-72 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation