85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter J. ROSENBERG, Plaintiff-Appellant,
v.
UNITED STATES of America; Michael Siegelbaum; Myra
Hernandez; Jorge Belgodore; Randy Walls; J.J. Clark;
V.L. Hagy; Mr. Ishmore; Mr. Hollingsworth; Lieutenant
Rupert; L.P. Johnson; Mr. Nelson; Dr. Jones, Defendants-Appellees.
 No. 95-5138.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Peter J. Rosenberg moves this court for the appointment of counsel on appeal from a district court judgment dismissing his complaint construed as filed under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rosenberg filed his complaint in the district court alleging, inter alia, that the defendant federal prison officials were deliberately indifferent to his serious medical needs while plaintiff was incarcerated in the Federal Correctional Institution at Memphis, Tennessee, in 1990 and 1991. The district court dismissed plaintiff's complaint as frivolous with respect to the individual defendants, but directed that service of process be issued to the United States insofar as plaintiff's claims were construed as brought under the FTCA. The government moved to dismiss the complaint as barred under the applicable statute of limitations, and plaintiff submitted an amended complaint. The district court granted the government's motion and dismissed the complaint.
 
 
 4
 Plaintiff filed a timely notice of appeal, and the district court denied plaintiff leave to proceed in forma pauperis on appeal. Thereafter, this court also denied plaintiff leave to proceed in forma pauperis on appeal. Plaintiff then paid the appellate filing fee.
 
 
 5
 On appeal, plaintiff moves for the appointment of counsel and contends that the district court did not address the severity of his injuries and erred by refusing to appoint counsel to represent him. The government responds that plaintiff's claims are barred under the applicable statutes of limitations and that plaintiff did not request the appointment of counsel in the district court. Upon consideration, the motion for counsel is denied, and the judgment of the district court is affirmed for the reasons stated by the district court in its order of partial dismissal filed February 15, 1994, and in its order of dismissal filed September 28, 1994.
 
 
 6
 Generally, a dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) will be reviewed by this court de novo. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Here, it is undisputed that plaintiff filed his complaint beyond the six-month limitations period following the date of mailing of the final denial of his administrative claim. See 28 U.S.C. § 2401(b). Nor is it disputed that plaintiff's complaint was filed beyond the one-year statute of limitations applicable to Bivens actions. See McSurely v. Hutchison, 823 F.2d 1002, 1004-05 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988); Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). Accordingly, plaintiff's claims are clearly barred.
 
 
 7
 Finally, plaintiff's claim that the district court erred in failing to appoint counsel to represent him is meritless. First, the government correctly notes that plaintiff did not request appointment of counsel in the district court. Plaintiff's contention is not cognizable in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Moreover, a refusal to appoint counsel to represent plaintiff would not constitute an abuse of the district court's discretion under the circumstances of this case. See Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.), cert. denied, 474 U.S. 1036 (1985). Therefore, plaintiff's remaining claim is meritless in any event.
 
 
 8
 Accordingly, the motion for counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation