**James A. MASON, Plaintiff–Appellant,**

v.

**DEPARTMENT OF JUSTICE, Drug Enforcement Administration, Defendant–Appellee.**

**No. 01–5701.**

United States Court of Appeals, Sixth Circuit.

June 17, 2002.

206

Before KEITH and DAUGHTREY, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

James A. Mason, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to the doctrine announced in *Bivens v. Six Unknown*

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

*Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 21, 1994, Mason and a codefendant were indicted for one count of conspiring to possess cocaine in violation of 21 U.S.C. § 846 and one count of possession of one ounce of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On November 30, 1994, Mason pleaded guilty to count two of the indictment pursuant to a plea agreement which provided for the dismissal of count one. On February 17, 1995, Mason was sentenced to five months in prison, five months home detention, and three years of supervised release. He did not appeal.

At a hearing on January 14, 2000, Mason was found guilty of violating his supervised release. He was sentenced to an eighteen month sentence of imprisonment to be served consecutively to a sentence imposed in California.

Mason filed this *Bivens* action seeking compensation for approximately $200,000 for property seized by the Drug Enforcement Agency which was judicially forfeited in *United States v. 1820 Locke Road,* No. 94–2858–Tu (W.D.Tenn. Apr. 20, 1995), and administratively forfeited in 1994. Mason alleged that the forfeitures violated his rights under the Fifth and Eighth Amendments. He did not contend that he did not receive notice of the proceedings. To the contrary, he alleged that he retained counsel to represent him and her ineffective assistance in the matter supports an action for malpractice. The district court dismissed the complaint after

concluding that subject-matter jurisdiction was lacking because the complaint was time-barred (Att.3). Alternatively, the complaint was dismissed as frivolous (*id.*). The dismissal was pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed.R.Civ.P. 12(h)(3). This appeal followed.

This court reviews dismissals for lack of subject matter jurisdiction de novo. *See Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). This court reviews de novo a judgment dismissing a suit as frivolous under § 1915(e)(2)(B)(i). *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990).

Mason concedes that the appropriate statute of limitations for his *Bivens* action arising in Tennessee is one year. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997); *Jackson v. Richards Med. Co.,* 961 F.2d 575, 578 (6th Cir.1992). This one-year statute of limitations applies to claims filed against federal defendants pursuant to *Bivens. See McSurely v. Hutchison,* 823 F.2d 1002, 1005 (6th Cir. 1987). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988) (citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984)). Mason argues on appeal, however, that the statute of limitations did not begin to run until less than one year before he filed his lawsuit on March 6, 2001, when he allegedly discovered that his counsel had failed to answer civil and administrative forfeiture complaints against Mason's property.

Indeed, under the doctrine of fraudulent concealment, a statute of limitations may be equitably tolled until the plaintiff discovers his cause of action, or would have discovered it with the exercise of due diligence. *See Hill v. United States Dep't of Labor,* 65 F.3d 1331, 1335 (6th Cir.1995). However, in order for a statute of limitations to be tolled under this doctrine, a plaintiff must prove:

> (1) wrongful concealment of their actions by the *defendants;* (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until the discovery of the facts.

*Id.* (Emphasis added). The facts concealed by the defendant must be "critical facts that would lead one to know that he can sue, or a misrepresentation of those facts—whether made in good faith or not—that was calculated to induce a plaintiff to forego the right to sue." *Jones v. Gen. Motors Corp.,* 939 F.2d 380, 385 (6th Cir.1991). "Ignorance of the legal process alone will not provide the basis for an equitable tolling claim." *Id.*

■ Here, the concealment of which Mason complains is not that of the defendant, but his own counsel in failing to notify him that she had not answered forfeiture allegations against Mason's property. As the district court correctly noted, private attorneys do not act under color of law in the representation of their individual clients. *See McCord v. Bailey,* 636 F.2d 606, 613 (D.C.Cir.1980). Moreover, for purposes of determining whether equitable tolling applies, the actions of plaintiffs' attorneys are attributable to their clients. *See Jarrett v. Kassel,* 972 F.2d 1415, 1426 (6th Cir.1992) (attorney's investigation of plaintiffs' claims was attributable to clients for the purpose of determining applicabili-

ty of fraudulent concealment doctrine). The fraudulent concealment doctrine does not apply here.

Because equitable tolling is not available to Mason, the statute of limitations in this case began to run, at the latest, in 1994 when forfeiture of his properties was concluded. As more than one year has since passed, the district court was correct in concluding that Mason's claims are time-barred.

Alternatively, the district court properly dismissed the complaint as frivolous. *Bivens* is not applicable to a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). As Mason sued a federal agency, his action had to be dismissed under *Meyer*.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.