Kathleen CHIN, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., in his capacity as Secretary of the United States Department of Health and Human Services; Peter F. DiSturco, Individually and in his capacity as Regional Commissioner of the Social Security Administration; and Unknown Named Employees of the Social Security Administration, Individually and in their Official Capacities, Defendants–Appellees.

No. 1403, Docket 87–6109.

United States Court of Appeals, Second Circuit.

Argued Aug. 10, 1987.

Decided Nov. 9, 1987.

Joy Blumkin, White Plains, N.Y. (Westchester Legal Services, Inc., White Plains, N.Y.), for plaintiff-appellant.

Diogenes P. Kekatos, New York City, Sp. Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Steven E. Obus, Asst. U.S. Atty., Annette H. Blum, Chief Counsel—Region II; Kathleen A. Mahoney, Asst. Regional Counsel, Office of the General Counsel, U.S. Dept. of Health and Human Services, New York City, of counsel), for defendants-appellees.

Before WINTER and MAHONEY, Circuit Judges, and STEWART, District Judge.*

STEWART, District Judge:

Plaintiff Kathleen Chin appeals from a decision of the United States District Court for the Southern District of New York, Edward Weinfeld, District Judge, dismissing her *Bivens*[1] action against defendants Peter DiSturco, Regional Commissioner of the Social Security Administration ("SSA"),

---

* Honorable Charles E. Stewart, Jr., Senior District Judge, Southern District of New York, sitting by designation.

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

and Unknown Named Employees of SSA. Plaintiff alleges that she suffered $25,000 in damages when defendants terminated her Social Security and Medicare benefits without due process of law. In an opinion reported at 655 F.Supp. 1415, the district court held that plaintiff's claim was time-barred under the three-year limitations period provided by section 214(2) of the New York Civil Practice Law and Rules. N.Y. Civ.Prac.L. & R. § 214(2) (McKinney Supp. 1987). The central issue on appeal is which statute of limitations provision of the New York Civil Practice Law and Rules is applicable to *Bivens* actions brought in Federal District Court in New York State.

**BACKGROUND**

Plaintiff successfully applied for Social Security disability insurance benefits in June 1974. On January 18, 1982, plaintiff received a letter from the New York State Department of Social Services informing her that based upon evidence it had collected in 1980–81 "it appears that you regained ability to engage in substantial gainful activity." The letter stated that her records would be forwarded to SSA for a formal determination of eligibility. Plaintiff received her last Social Security check at the beginning of February 1982. Plaintiff claims that she never received written notice that her benefits had actually been terminated or that she had the right to appeal the termination.

In a letter received by the New Rochelle Social Security office on February 18, 1982, plaintiff protested the proposed termination and requested "a hearing or whatever it takes to defend myself." Defendants claim that in response to this letter SSA sent her the necessary forms for a Request for Reconsideration, which plaintiff never returned. Defendants claim that SSA subsequently sent a second set of forms with an undated notice informing plaintiff that her Medicare benefits would also be terminated. Plaintiff's Medicare coverage was discontinued at the end of March 1982.

Plaintiff unsuccessfully reapplied for disability benefits several times between 1982 and 1986. In February 1986 the parties agreed that her benefits had been wrong-fully terminated in 1982. At first, the government agreed to give plaintiff benefits retroactively only through March 1985. When plaintiff commenced this action in July 1986, SSA agreed to pay her benefits retroactively to 1982. Nonetheless, plaintiff continues to seek damages of $25,000 from defendants DiSturco and the unnamed SSA employees for the violation of her due process rights and the emotional distress resulting from the wrongful termination of her benefits.

**DISCUSSION**

Because Congress has not designated a federal statute of limitations for *Bivens* actions, the district court correctly looked to New York State's statutes of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). The district court found that this court's holding in *Regan v. Sullivan*, 557 F.2d 300, 303–04 (2d Cir.1977) narrowed its choice to two statutes of limitations: sections 214(2) and 213(1) of the New York Civil Practice Law and Rules. Section 214(2) provides a three-year limitations period for actions "to recover upon a liability ... imposed by statute." N.Y.Civ.Prac.L. & R. § 214(2) (McKinney Supp.1987). Section 213(1), which provides a six-year limitations period, is New York's "catch-all" statute of limitations; it applies to any "action for which no limitation is specifically prescribed by law." N.Y.Civ.Prac.L. & R. § 213(1) (McKinney Supp.1987).

At the time the district court issued its decision, section 214(2) was the applicable statute of limitations in cases brought pursuant to 42 U.S.C. § 1983 (1982). *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856 (2d Cir.1981). The district court noted that "a *Bivens* action is the federal counterpart of a § 1983 action," and that the standards governing the two types of actions should be identical "unless good reasons dictate otherwise." 655 F.Supp. at 1417. Accordingly, the district court applied the three-year limitations period specified in section 214(2) to plaintiff's

*Bivens* action. Because plaintiff had commenced her action more than four years after the accrual of her claims, the district court held that the action was time-barred.

After the district court issued its opinion, this court held in *Okure v. Owens,* 816 F.2d 45 (2d Cir.1987), *petition for cert. filed,* 56 U.S.L.W. 3017 (U.S. July 6, 1987) (No. 87–56), that section 214(5) of the New York Civil Practice Law and Rules—and not section 214(2)—is the statute of limitations applicable to section 1983 cases. Section 214(5) applies to all personal injury claims not sounding in intentional tort. Like section 214(2), section 214(5) provides for a three-year limitations period.[2] Our holding in *Okure* was prompted by *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 83 L.Ed. 2d 254 (1985), in which the Supreme Court found that the myriad claims that may be brought under section 1983 could best be generalized as claims for personal injury. The Court determined that a single statute of limitations should govern all section 1983 actions within a given state. Accordingly, the *Wilson* Court held that state statutes of limitations governing personal injury claims should be borrowed in all cases brought pursuant to 42 U.S.C. § 1983.

On appeal defendants rely on the reasoning underlying the district court's opinion below; they assert that *Bivens* actions are closely analogous to actions brought pursuant to section 1983 and therefore should be governed by the same statute of limitations. Accordingly, defendants argue that this court should affirm the district court's decision, but hold that plaintiff's *Bivens* action is time-barred by section 214(5), not by section 214(2).

Plaintiff maintains that *Bivens* actions should be subject to the six-year limitations period of section 213(1), New York's "catch

all" statute of limitations. According to plaintiff, the Supreme Court's decision in *Wilson* is not controlling, since it is expressly grounded in statutory construction and the legislative history surrounding the enactment of the Reconstruction Civil Rights Acts. Plaintiff asserts that a *Bivens* action is correctly characterized as an action arising directly under the constitution. Once a federal court adopts that characterization, it must follow New York State courts that have held that section 213(1) applies to cases involving constitutional claims. In support of this result, plaintiff cites cases from several circuits that have applied various states' "catch-all" provisions to *Bivens* actions.[3] We find plaintiff's reasoning wholly unpersuasive.

In borrowing state statutes of limitations for federal claims, a federal court must choose the statute of limitations of the most analogous state claim provided "that the borrowed period of limitations [does] not discriminate against the federal claim." *Okure,* 816 F.2d at 48. The characterization of the federal claim for the purpose of borrowing a state statute of limitations is matter of federal law and must be done with an eye to the federal interests at stake. *Wilson,* 471 U.S. at 269–70, 105 S.Ct. at 1943–44. In *Okure,* this court chose the statute of limitations of the state claim most analogous to claims asserted under section 1983. Because of the similarity of *Bivens* and section 1983 actions, the analysis performed in *Okure* applies with equal force to *Bivens* actions. We agree with the Sixth Circuit that "*Bivens* actions are not significantly dissimilar to claims brought under §§ 1981 and 1983 in terms of the interests being protected, the relief which may be granted, and the defenses which may be asserted."

---

2. In *Okure* we also considered and rejected section 214(3) of the New York Civil Practice Law and Rules. Section 214(3) provides a one-year limitations period for claims sounding in intentional tort.

3. *E.g., Hobson v. Wilson,* 737 F.2d 1, 32 (D.C.Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843,

85 L.Ed.2d 142 (1985); *Marshall v. Kleppe,* 637 F.2d 1217, 1223–24 (9th Cir.1980); *Beard v. Robinson,* 563 F.2d 331, 338 (7th Cir.1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). These cases have all been undermined by the Supreme Court's decision in *Wilson.*

*McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir.1987).[4]

Both *Bivens* and section 1983 actions are designed to provide redress for constitutional violations. Though the two actions are not precisely parallel,[5] there is a "general trend in the appellate courts to incorporate § 1983 law into *Bivens* suits." *Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir.1981). The same immunity standards apply to both actions. *Butz v. Economou*, 438 U.S. 478, 500–01, 98 S.Ct. 2894, 2907–08, 57 L.Ed.2d 895 (1978); *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir.1986). Courts of Appeals have held that section 1983 concepts of state action apply in determining whether action was taken "under color of federal law" for *Bivens* purposes, *e.g. Morast v. Lance*, 807 F.2d 926, 931 (11th Cir.1987), and that the preemptive effect of a habeas corpus remedy is the same in prisoners' section 1983 and *Bivens* suits, *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). *Cf. Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984) (assuming pleading requirements in *Bivens* and section 1983 actions are identical). Accordingly, the *Okure* court's finding that section 1983 claims are most analogous to state claims covered by section 214(5) is strong authority for the application of that section to *Bivens* claims as well.

In borrowing state statutes of limitations, a federal court must ensure that the limitations period for the most analogous state claim does not discriminate against the federal claim. In *Okure*, this Court recognized that constitutional violations are not always obvious, and that plaintiffs may need time "to reflect and to probe" before they realize that they have a cause of action. 816 F.2d at 49. We found that the three-year limitations period provided by section 214(5) is long enough to "effectuate the policies embedded in section 1983," and therefore does not discriminate against claims brought under section 1983. *Id.* at 48. Because the policies underlying *Bivens* actions are essentially the same as those underlying section 1983 actions, and the two actions share the same "practicalities of litigation," *Burnett v. Grattan*, 468 U.S. 42, 50, 104 S.Ct. 2924, 2930, 82 L.Ed.2d 36 (1984), the application of section 214(5) to *Bivens* actions would not discriminate against the federal claims raised in such actions.

## CONCLUSION

For the reasons stated, we hold that section 214(5) of the New York Civil Practice Law and Rules is the applicable statute of limitations for *Bivens* actions brought in federal court in New York State. Accordingly, we affirm the district court's dismissal of plaintiff's action.[6]

---

**4.** Since the Supreme Court rendered its decision in *Wilson*, the Sixth Circuit is the only Court of Appeals to consider the question presently before us. *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987). In *McSurely* the Sixth Circuit found *Wilson* controlled its choice of a state statute of limitations applicable to *Bivens* actions. Accordingly, it held that Kentucky's statute of limitations for personal injury claims applied to *Bivens* actions. *Id.* at 1005.

**5.** Since *Bivens* actions are a judicial creation, they may be defeated when Congress has provided an alternative remedy, *Bush v. Lucas*, 462 U.S. 367, 388–90, 103 S.Ct. 2404, 2416–18, 76 L.Ed.2d 648 (1983), or when "special factors counseling hesitation" are present, *Chappell v. Wallace*, 462 U.S. 296, 298, 103 S.Ct. 2362, 2365, 76 L.Ed.2d 586 (1983) (quoting *Bivens*, 403 U.S. at 396, 91 S.Ct. at 2005). Moreover, the necessi-

ty for uniform rules governing suits against federal officials may occasionally prevent the incorporation of state law in a *Bivens* action, even though incorporation might be appropriate in a section 1983 action raising similar issues. *See Carlson v. Green*, 446 U.S. 14, 23–25, 100 S.Ct. 1468, 1474–75, 64 L.Ed.2d 15 (1980).

**6.** Under the rule of *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), this court may properly affirm the district court's dismissal of plaintiff's *Bivens* claim as time-barred by section 214(5) even though that was not the ground relied upon by the district court. 9 Moore, Federal Practice ¶ 204.11[3] (2d Ed. 1987); *see Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987); *Arlinghaus v. Ritenour*, 622 F.2d 629, 638 (2d Cir.), *cert. denied*, 449 U.S. 1013, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980).