**Larry E. BLASSINGAME, Plaintiff,**

v.

**SECRETARY OF the NAVY, Naval Discharge Review Board and Board for Correction of Naval Records, Defendants.**

**No. 84 CV 4104.**

United States District Court,
E.D. New York.

Jan. 28, 1988.

Moses & Singer, New York City by Jules F. Simon, Richard W. Brewster, Helen Kontogianis, for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by David M. Nocenti, Asst. U.S. Atty. and Captain Michael McClosky, Office of the Judge Advocate General, Dept. of the Navy, Alexandria, Va., for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This matter is presently before the Court on defendants' motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

This is not the first time this Court has considered summary judgment in this action. On November 14, 1985, this Court granted summary judgment to defendants on the ground that the decisions of defendants Naval Discharge Review Board (NDRB) and Board for Correction of Naval Records (BCNR) were fully warranted by the plaintiff's conduct during his enlistment in the Marine Corps. *Blassingame v. Secretary of the Navy*, 626 F.Supp. 632, 641 (E.D.N.Y.1985). The facts of the case are fully set forth in that prior decision. *Id.* at 635–36.

The Second Circuit reversed this Court's decision, stating that this Court had converted a motion to dismiss or for a more definite statement into one for summary judgment without notice to the plaintiff. *Blassingame v. Secretary of the Navy*, 811 F.2d 65, 74 (2d Cir.1987). The Court reasoned that because Blassingame did not have notice of the conversion to summary judgment, he did not have an opportunity

to respond[1] and, therefore, the Second Circuit deemed summary judgment improper. *Id.* The Second Circuit did not review the merits of this Court's summary judgment decision.

■ We reaffirm Part III.B. of our prior decision granting summary judgment to defendants on the ground that the decisions of the NDRB and the BCNR were neither arbitrary nor capricious. *See Blassingame,* 626 F.Supp. at 641–42.

However, plaintiff, through his latest appointed counsel, has asserted several additional, new arguments in his present motion papers. He contends that the Boards acted arbitrarily and capriciously, first, by not considering Marine Corps Regulations governing the discharge of "erroneous" enlistees and, second, because the Boards did not take the clemency granted to deserters and draft evaders by Presidents Ford and Carter into consideration. Third, he claims that his constitutional right to equal protection was violated because he, a simple soldier who violated Marine Corps rules, was given a dishonorable discharge, while draft evaders and deserters were given total clemency. These arguments are unavailing.

## I

■ Unless NDRB and BCNR decisions are arbitrary, capricious, unsupported by the evidence or contrary to law, the reviewing Court may not set them aside. *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983); 5 U.S.C. § 706(2) (1982). Plaintiff contends that the Boards' actions were arbitrary and capricious, because they ignored a Marine Corps Regulation providing for an honorable or general discharge when an enlistee has been erroneously inducted or enlisted. Plaintiff's reliance on Marine Corps Separation and Retirement Manual paragraph 6012(1)(e), Exhibit 7 to Affidavit of Richard

W. Brewster in Support of Plaintiff's Cross–Motion for Summary Judgment (Nov. 25, 1987), is misplaced. Paragraph 6012 does not create any entitlement to an honorable or general discharge for an erroneously enlisted person. Instead, it allows the government to discharge persons who were erroneously enlisted "for the convenience of the government." ¶ 6012(1). This paragraph does not mean that anyone who is erroneously enlisted has a right to an honorable or general discharge, no matter what he has done. It merely means that if the government decides to discharge an enlistee because he was erroneously enlisted, the government may only give him an honorable or general discharge. Plaintiff was discharged because he broke Marine Corps rules unrelated to his erroneous enlistment, not because of his erroneous enlistment. Consequently, the Boards did not act arbitrarily or capriciously by denying plaintiff an upgraded discharge.

## II

■ Plaintiff also contends that the NDRB and BCNR have acted arbitrarily and capriciously by failing to take into consideration the clemency granted to draft evaders and deserters by Presidents Ford and Carter. Since plaintiff did not present these arguments to the NDRB and the BCNR, this Court generally may not consider them. *See Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985). Since the administrative record does not reflect any review of these considerations, we decline to consider them.

## III

■ Finally, plaintiff contends that his right to equal protection under the Fifth Amendment was violated by the divergence in treatment given to deserters and draft

---

1. Although plaintiff's counsel on appeal apparently argued "surprise" at the action of this Court, plaintiff's initial counsel "grasped" at every available "straw" in attempting to create a semblance of a claim here as we tried (unsuccessfully) to point out at the outset of our discussion, viz: "Although plaintiff in the time since the filing of the amended complaint has continued to add claims and jurisdictional allegations with procedural abandon, ..." *Blassingame,* 626 F.Supp. 636. We dare say that such counsel was not the least bit "surprised" at our decision.

evaders and plaintiff, a person who enlisted to serve his country. This claim is time-barred. The Second Circuit recently held that the reasoning of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), governing section 1983 claims, applied to constitutional claims against federal employees (known as *Bivens* claims). *Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir. 1987). Therefore, the State personal injury statute of limitations applies to such claims. *Id.* The Second Circuit held in *Okure v. Owens,* 816 F.2d 45 (2d Cir.1987), *petition for cert. filed,* 56 U.S.L.W. 3017 (U.S. July 6, 1987) (No. 87–56), that section 214(5) of the New York Civil Practice Law and Rules was the proper statute of limitations for section 1983 claims. *Id.* at 48–49. In *Chin,* the Second Circuit held that the three-year statute of limitations in section 214(5) also applied to *Bivens* claims. *Chin,* 833 F.2d at 24. President Ford granted clemency in 1974. *See* Exec.Order No. 11803, 39 Fed.Reg. 33297 (1974), *reprinted in* 50 U.S.C.A. § 462 app. at 424–25 (West 1981); Proclamation No. 4313, 39 Fed.Reg. 33293 (1974), *reprinted in* 50 U.S.C.A. § 462 app. at 426 (West 1981). President Carter granted clemency in 1977. Exec.Order No. 11967, 42 Fed.Reg. 4393 (1977), *reprinted in* 50 U.S.C.A. § 462 app. at 426–28 (West 1981); Proclamation No. 4483, 49 Fed.Reg. 4391 (1977), *reprinted in* 50 U.S.C.A. § 462 app. at 428 (West 1981). Therefore, this claim should have been raised in 1980 at the latest. Plaintiff's constitutional claim is time-barred and, accordingly, must be dismissed.

For the reasons stated above, summary judgment is hereby again granted to defendants.

SO ORDERED; submit judgment on notice with costs.

**Editor's Note:** The opinion of the United States District Court, E.D. of New York in *Kadane v. Hofstra University,* published in the advance sheet at this citation, 678 F.Supp. 419–420, was withdrawn from the bound volume and is republished at 682 F.Supp. 166 together with opinion on reargument.