**Jether Curtis HAWKS, Plaintiff,**

v.

**Lt. RARDIN, et al., Defendants.**

**No. 90–3041–R.**

United States District Court, D. Kansas.

Feb. 16, 1990.

Jether Curtis Hawks, pro se.

## ORDER

ROGERS, District Judge.

This matter is before the court on a complaint filed pursuant to 28 U.S.C. § 1331. Plaintiff, a former inmate at the United States Penitentiary in Leavenworth, Kansas, claims he was beaten by prison officials on August 28, 1984. Plaintiff asserts this alleged beating was a violation of his rights under the Eighth Amendment to the United States Constitution and seeks compensatory and punitive damages.

This action was apparently dismissed without prejudice by this court on December 31, 1985, for failure to exhaust administrative remedies. (Case No. 85–3318). Plaintiff, now incarcerated at the United States Penitentiary in Marion, Illinois, again filed this action in the United States District Court for the District of Columbia on or about August 24, 1989. That court, after reviewing the materials filed by plaintiff, issued an order dated September 15, 1989, finding that this case should proceed, if at all, in the District of Kansas. Plaintiff apparently did not respond to that order and instead filed the instant action with this court on February 6, 1990.

■■■ Plaintiff brings this civil rights action under 28 U.S.C. § 1331, the general federal question jurisdictional statute. No statute of limitations is expressly provided for actions under that statute. However, the Tenth Circuit Court of Appeals has held that civil rights actions should be generally characterized as actions for injury to personal rights and reviewed under the relevant state statute of limitations. *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984), *aff'd* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). While the issue before the court in *Garcia* was the appropriate limitations period for cases brought pursuant to 42 U.S.C. § 1983, this court is persuaded that the holding in that case is applicable to plaintiff's complaint as well. Actions brought under 28 U.S.C. § 1331, so-called *Bivens*[1] actions, are considered generally analogous to actions brought under § 1983. *See Owen v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Chin v. Bowen,* 833 F.2d 21 (2d Cir.1987); *McSurely v. Hutchinson,* 823 F.2d 1002 (6th Cir. 1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1107, 99 L.Ed.2d 269 (1988); and *Lewellen v. Morley,* 875 F.2d 118 (7th Cir.1989). Accordingly, this court must apply the two-year statute of limitations set forth in Kansas Statutes Annotated (K.S.A.) 60–513(a)(4) for "an injury to the rights of another." While this statute is tolled for a person imprisoned for less than a life term, the tolling statute expressly states that "if a person imprisoned for any term has access to the court for purposes of bringing an action such person shall not be deemed to be under legal disability." K.S.A. 60–515(a).

It is apparent in this case that plaintiff's complaint stems from a beating which allegedly occurred in 1984, and that plaintiff sought relief as early as December 1985. While plaintiff was well within the limitations period at that time, it is clear that the statute of limitations has now elapsed. After reviewing the materials filed by plaintiff, this court concludes that plaintiff has had sufficient access to the courts to timely bring this action and is therefore not entitled to an exemption from the statute of limitations due to his incarceration.

IT IS THEREFORE ORDERED that this action be dismissed and all relief denied.

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).