Imam Shahid MUHAMMAD, Plaintiff,

v.

J.L. MOORE, Counselor, Defendant.

No. 90–3445–R.

United States District Court,
D. Kansas.

March 20, 1991.

Imam Shahid Muhammad, pro se.

ORDER

ROGERS, District Judge.

This matter is before the court on defendant's motion for summary judgment. Plaintiff, an inmate at the United States Penitentiary, Leavenworth, Kansas ("Leavenworth"), filed this pro se civil rights complaint on October 15, 1990, asserting (1) he is entitled to back pay from March 1986 through January 1988 and (2) that his financial situation has improperly required

his family to provide him with funds for personal use. Plaintiff has filed a response to defendant's motion, and the matter is now ripe for review.

Having carefully reviewed the complaint and attachments, defendant's motion, and plaintiff's response, the court makes the following findings and order.

### Standard for Granting Summary Judgment

■ A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing

the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

### Discussion
#### Claim for Back Pay

■ Plaintiff first claims he is entitled to back pay of $5.00 per month for the period from March 1986 through January 1988. However, this claim is not properly before the court. The court construes plaintiff's complaint as one brought pursuant to 28 U.S.C. § 1331, the general federal question jurisdictional statute.[1] No statute of limitations is expressly provided for actions under that statute. However, the Tenth Circuit Court of Appeals has held that civil rights actions should be generally characterized as actions for injury to personal rights and reviewed under the relevant state statute of limitations. *Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984), *aff'd.* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). While the issue before the court in *Garcia* was the appropriate limitations period for cases brought pursuant to 42 U.S.C. § 1983, this court is persuaded that the holding in that case is applicable to plaintiff's complaint as well. Actions brought under 28 U.S.C. § 1331, so-called *Bivens* actions, are considered generally analogous to actions brought under § 1983. *See Owen v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Lewellen v. Morley*, 875 F.2d 118 (7th Cir.1989); *Chin v. Bowen*, 833 F.2d 21 (2nd Cir.1987); *McSurely v. Hutchinson*, 823 F.2d 1002 (6th Cir.1987), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1107, 99 L.Ed.2d 269 (1988). Therefore, this court must apply the two-year statute of limitations set forth in Kansas Statutes Annotated (K.S.A.) 60–513(a)(4) for "an injury to the rights of another." Because plaintiff seeks back pay for the period 1986 to 1988, his claim is barred, and this court is without jurisdiction to consider his claim.

---

1. Plaintiff filed this action on a form designed for civil rights complaints brought pursuant to 42 U.S.C. § 1983. This statute provides a remedy for violations of federal constitutional or statutory rights caused by a person acting under color of state law. Because plaintiff, a federal prisoner suing a federal employee for alleged constitutional violations, is proceeding pro se, the court will liberally construe his complaint as an action brought pursuant to 28 U.S.C. § 1331. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

*Participation in Inmate Financial Responsibility Program*

Upon sentencing plaintiff, the United States District Court for the District of New Jersey imposed a felony assessment of $150.00. Plaintiff asserts he is exempt from this obligation because he earns less than $20.00 per month.

■ It appears from the record plaintiff's earnings have been reduced to maintenance pay of $5.00 per month due to his failure to participate in the Inmate Financial Responsibility Program (IFRP), in compliance with federal regulation. 28 C.F.R. § 545.11(b). The IFRP was adopted by the Federal Bureau of Prisons in 1987 and requires inmates to cooperate with prison staff to develop a plan to meet their financial obligations, including court-ordered assessments, costs, and restitution. Inmates who fail to comply with the program may be removed from a work assignment in Federal Prison Industries (UNICOR) or, as in plaintiff's case, limited to maintenance pay. *See* 28 C.F.R. §§ 545.10–545.11. The IFRP clearly serves valid penological interests of rehabilitation, and the requirement that an inmate choose between participation in the program or risk significant reduction in his employment or income potential does not violate constitutional rights. *Johnpoll v. Thornburgh*, 898 F.2d 849 (2nd Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990); *James v. Quinlan*, 866 F.2d 627 (3rd Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989); *Prows v. United States Department of Justice*, 704 F.Supp. 272 (D.D.C.1988). Accordingly, there is no error in the action reducing plaintiff to maintenance pay upon his refusal to participate in the program.

■ Further, to the extent plaintiff claims he is exempt from payment of the assessment under 18 U.S.C. § 3569, he is incorrect. This section permits a United States Magistrate, upon application, to discharge a debt due to indigency where the inmate is incarcerated solely due to his inability to pay a court-imposed obligation. This provision is inapplicable to plaintiff.

■ Plaintiff next appears to claim the defendant, having reduced his wages, is required to pay him a minimum of $5.00 per month. The court also rejects this claim. Federal regulation provides that an inmate receiving performance pay is to be paid only for those hours in which job performance is satisfactory. 28 C.F.R. § 545.28. No minimum monthly wage is established by this regulation.

■ Finally, the court rejects plaintiff's claim he is entitled to relief on the basis his family has been forced to provide him with funds for personal use. This argument fails to identify any arguable deprivation of constitutional dimension, and plaintiff is entitled to no relief on this ground.

It should be noted that after commencing this action as a civil rights complaint, plaintiff sought to amend his claims to include a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., in this matter. Apparently in support of this claim, plaintiff filed with the court a memorandum from the North Central Regional Office of the Bureau of Prisons dated July 25, 1990. This memorandum, however, denies plaintiff's claim of $320.50 for an alleged loss or destruction of personal property. The tort claim thus appears to be unrelated to the issues presented in this civil rights complaint and does not provide an alternative jurisdictional basis for relief. The court therefore concludes plaintiff has shown no basis for relief in the nature of back pay or damages and concludes this matter should be dismissed.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is hereby granted. This matter is hereby dismissed and all relief denied.