Larry E. BLASSINGAME, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 94–275C.

United States Court of Federal Claims.

June 1, 1995.

Esther I. Obiora, New York City, for plaintiff.

John S. Groat, with whom were Asst. Atty. Gen. Frank W. Hunger, David M. Cohen, and James Kinsella, Washington, DC, for defendant; Lt. Susan C. Stewart, JAGC, U.S. Navy, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action for back pay, brought by a former enlisted man in the Marine Corps. Defendant has filed a motion to dismiss, arguing that the complaint demonstrates that the action is untimely. The matter is fully briefed, and oral argument is deemed unnecessary. For the following reasons, the motion is granted.

## BACKGROUND

On June 18, 1971, Mr. Blassingame, a private first class, received an undesirable discharge from the Marine Corps. His efforts to have the discharge corrected before the Naval Discharge Review Board and the Board of Corrections for Naval Records ("BCNR") were unsuccessful. On October 11, 1984, Mr. Blassingame filed suit in the U.S. District Court for the Eastern District of New York seeking review of those administrative decisions. The district court granted summary judgment for the Government. 626 F.Supp. 632 (1985). The U.S. Court of Appeals for the Second Circuit reversed. 811 F.2d 65 (1985). On remand, the district court granted summary judgment for the Government again. 678 F.Supp. 416 (1988). On appeal, the Second Circuit reversed again, finding that the Navy's failure to follow certain procedures invalidated the discharge classification. It remanded the action to the BCNR. 866 F.2d 556 (1989). The BCNR failed to take its cue from the appellate court and did not change Mr. Blassingame's records. It required a writ of mandamus from the Second Circuit to the BCNR to eventually get Mr. Blassingame's records corrected to reflect an honorable discharge.

Mr. Blassingame claims that he is entitled to back pay and other monetary relief as a result of the correction of his military record. He also brings a civil rights claim under 42 U.S.C. § 1983 (1988) asserting that his dismissal by the Marine Corps with a less-than-honorable classification, along with the failure of the Navy to swiftly correct the defect, was racially motivated and caused psychological and emotional damage. He seeks a payment of $15,000,000 as compensation.

## DISCUSSION

■ The court can begin with the section 1983 claim. Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision by virtue of 28 U.S.C. § 1343(a)(4) (1988). Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction. *See Sanders v. United States,* 32 Fed.Cl. 573, 576 (1995); *Anderson v.*

*United States,* 22 Cl.Ct. 178, 179 n. 2 (1990), *aff'd,* 937 F.2d 623 (Fed.Cir.1991). This aspect of the complaint fails for lack of subject matter jurisdiction.

■ The balance of the complaint is also fatally flawed for reasons outlined by defendant. The plaintiff is barred by the six-year limitations period. *See* 28 U.S.C. § 2501. That section bars a claim for relief if it is not "filed within six years after such claim first accrues." Private Blassingame was discharged in 1971. His cause of action for recovery of back pay for improper discharge, if he had one, arose at the point of discharge. *Hurick v. Lehman,* 782 F.2d 984 (Fed.Cir. 1986); *Kirby v. United States,* 201 Ct.Cl. 527, 531–32, 1973 WL 21341 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Powers v. United States,* 198 Ct.Cl. 995, 1972 WL 5173 (1972). Because more than six years elapsed between his discharge and filing of the complaint, the action is barred. Resort to elective administrative remedies, such as the BCNR, does not toll the running of the statute of limitations in military pay cases. *D'Andrea v. United States,* 27 Fed.Cl. 612, 614, *aff'd,* 6 F.3d 786 (Fed.Cir.1993); *Brundage v. United States,* 205 Ct.Cl. 502, 507, 504 F.2d 1382, 1385 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975) (citing *Cason v. United States,* 200 Ct.Cl. 424, 432, 471 F.2d 1225, 1229 (1973)).

■ Plaintiff attempts to avoid the limitations problem by arguing that a new cause of action arose upon correction of his records, as ordered by the Second Circuit. Mr. Blassingame asserts that he did not have a cognizable monetary claim against the United States until 1991, when the agency complied with the Second Circuit's order to change his discharge status. This is not correct. To the extent the plaintiff was unlawfully deprived in 1971 of back pay or other monetary benefits due to his discharge classification, a claim for recovery of those amounts was available in our predecessor court, the Court of Claims. There is a long line of decisions in which that court held it had jurisdiction to hear a claim by a former serviceman for recovery of monetary relief due to an invalid discharge classification. *See, e.g., Glidden v.*

*United States*, 185 Ct.Cl. 515, 517, 1968 WL 9155 (1968); *Conn v. United States*, 180 Ct. Cl. 120, 127, 376 F.2d 878, 881 (1967); *Middleton v. United States*, 170 Ct.Cl. 36, 40, 1965 WL 8295 (1965).

Mr. Blassingame thus had the opportunity beginning in 1971 to pursue a claim in the Court of Claims for correction of his records, recovery of back pay, and associated monetary relief. Instead, he elected to pursue his action in the district court. The district courts have jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346, to hear claims against the United States for money due pursuant to the military pay statutes, but only if the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2). As the Second Circuit noted, however, plaintiff foreswore a claim to money damages:

> On appeal, Blassingame presses only his claim for review of the Review Board and Correction Board decisions, and emphasizes that he seeks only the equitable relief of an upgrade of his discharge and no monetary damages....
>
> ....
>
> ... Since Blassingame has expressly relinquished any claim for monetary relief, and the district court's jurisdiction of the remaining claim for judicial review of the Correction Board decision was not based on the Tucker Act, we hold that the Federal Circuit does not have jurisdiction of this appeal. Therefore this appeal is properly before this court.

811 F.2d at 68–69.

The result is that plaintiff elected to pursue nonmonetary relief before the board and the district court,[1] and chose not to pursue both correction of his records and a money claim in this forum. Having had the option of immediately proceeding in the Court of Claims, there is no principled reason why the limitations period should be tolled, or why a new cause of action arose only on Mr. Blassingame ultimately succeeding in the Second Circuit.

A case arising in the context of civilian employment is instructive. In *Smith v. United States*, 228 Ct.Cl. 168, 654 F.2d 50 (1981), plaintiff argued that he was improperly denied conversion from temporary to permanent employment status. He commenced his action in the district court, seeking an injunction ordering his appointment to a permanent position. He also sought more than $10,000 in back pay. The district court transferred the case to the Court of Claims because that part of the claim in excess of $10,000 was outside the district court's jurisdiction. The Court of Claims rejected the transfer. It pointed out that the courts shared jurisdiction to the extent the claim was purely monetary and did not exceed $10,000. The transfer statute applied in that case, 28 U.S.C. § 1406(c), required an absence of jurisdiction in the transferring court and jurisdiction in the transferee court. Those conditions were only partially fulfilled. Under the Supreme Court decision in *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), the Court of Claims did not have authority to grant the type of injunctive relief necessary to effectuate an appointment to a new position. *Id.* at 397–98, 96 S.Ct. at 952–53. For that reason, the Court of Claims, in directing plaintiff to pursue so much of his remedy as he could obtain before the district court, held open the possibility that a new cause of action could be initiated before the Court of Claims for monetary relief based solely on the district court order of appointment. The Court of Claims had such jurisdiction under the Back Pay Act, 5 U.S.C. § 5596 (1988), which presumes a judicially found unwarranted personnel action.

Although the district court would not have been able to enter a money judgment, at least in excess of $10,000, the plaintiff, if successful in obtaining reinstatement, could have come to the Court of Claims "armed with whatever collateral estoppel effects the district court decision would have." 228 Ct. Cl. at 171. However, the court issued a cautionary note that is of consequence here: "[W]here such a case for nonmonetary relief

---

1. The appellate court held that the jurisdictional basis for plaintiff's claim was 28 U.S.C. § 1331(a), federal question jurisdiction.

is prosecuted to judgment in the district court and *then* a petition is filed here for monetary relief, relying on the district court judgment, there conceivably could be a statute of limitations problem in [the Court of Claims]." *Id.* 228 Ct.Cl. at 171 n. 1. One of the risks the court presumably envisioned was a circumstance in which the plaintiff had a choice of fora. Such a cautionary note would not apply, in other words, if the district court judgment was a necessary requisite to establishing a right to relief in this forum and if the action was timely initiated thereafter. In the latter situation, the case would not mature under the Back Pay Act until there had been a judicial determination of a wrongful personnel action.

That is not the present circumstance, however. Here the plaintiff could have brought an original action in our predecessor court, the Court of Claims. If successful, he could have immediately recovered monetary relief, without first having the district court determine that there had been an improper personnel action. The suit here is therefore untimely when measured against the date plaintiff first had the right to proceed before the Court of Claims, June 18, 1971.[2]

■ The additional infirmity Mr. Blassingame faces here is that he renounced a right to monetary relief. Defendant contends that, independent of the time lapse problem, Mr. Blassingame should be estopped by his representations from resurrecting the same claim he specifically declined earlier to pursue. While not rejecting that argument, the court finds it is unnecessary to consider it in view of the clear running of the limitations period.[3]

2. The "half-a-loaf" doctrine thus does not apply. Under that line of cases, military personnel can proceed in this forum to obtain relief not granted by the review board. *See, e.g., Lee v. United States,* 7 Cl.Ct. 654, 657 (1985); *DeBow v. United States,* 193 Ct.Cl. 499, 503, 434 F.2d 1333, 1335 (1970), *cert. denied,* 404 U.S. 846, 92 S.Ct. 150, 30 L.Ed.2d 84 (1971). In this case, the failure to initially obtain complete relief was a result of plaintiff's choice.

3. The court is wary of unnecessarily considering the res judicata effects, in a military pay context,

## CONCLUSION

The claim is barred by the six-year limitations period. Accordingly, defendant's motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the complaint. No costs.

of the proceedings before the district court and the court of appeals. Res judicata, when applied to legal, as opposed to equitable, claims precludes relitigation, not only of claims actually resolved, but of those that could have been brought as well. While the plaintiff could have pursued similar actions in this forum and the district court, the actions would not have been identical. The most obvious distinction is that plaintiff could not have obtained monetary relief in excess of $10,000 in the district court.