NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5095

GEORGE LEE ALEXANDER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  May 5, 2005

_____

Before RADER, DYK, and PROST, Circuit Judges.

RADER, Circuit Judge.

## I.  INTRODUCTION

The United States Court of Federal Claims dismissed George L. Alexander's complaint for lack of subject matter jurisdiction.  Alexander v. United States, No. 04-472-C (Fed. Cl. Apr. 26, 2004).  Because the Court of Federal Claims properly dismissed the complaint, and because Mr. Alexander did not request relief within the power of this court to grant, this court affirms.

## II.  BACKGROUND

On March 23, 2004, Mr. Alexander, now incarcerated, filed the first of five complaints with the United States Court of Federal Claims using a standardized form that  the United States District Court for the Central District of Illinois created for

prisoners representing themselves. Mr. Alexander had previously filed a series of pro se complaints in the United States District Court for the Northern District of Illinois, after which the district court refused to accept further filings without approval of the Executive Committee in charge of assigning cases. Nevertheless, Mr. Alexander continued to file further complaints with the district court and with the Court of Federal Claims. One of these led to this appeal.

Mr. Alexander indicated on the standardized complaint form that he was seeking relief from officials of the State of Illinois for deprivation of rights, privileges, or immunities secured by the United States Constitution. 42 U.S.C. § 1983 (2000). Mr. Alexander did not set forth the acts that he alleges constituted constitutional violations, but instead responded "no occurrence" in the appropriate section of the complaint form. He did, however, present a set of facts that appear to have occurred in 1965. As far as can be determined from the claim form, no action of state officials was implicated in his statement of facts.

The Court of Federal Claims acted of its own accord before any response from the Government and dismissed the complaint for lack of subject matter jurisdiction. The trial court reasoned that it lacked jurisdiction to adjudicate claims against state officials under section 1983 or the Constitution that would not create a substantive right to monetary damages against the Federal Government. See 28 U.S.C. § 1491(a)(1) (2000) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States.") (emphasis added); United States v. Mitchell, 463 U.S. 206, 216 (1983) (requiring that another source of law create a substantive right to monetary compensation for the Court of Federal Claims to have

jurisdiction).  Furthermore, although the court construed Mr. Alexander's complaint on its face, the court also considered whether the complaint might be interpreted as a request for review of the judgment leading to his incarceration.  Interpreted as such, the court found it lacked jurisdiction to review the decision of the federal district courts or state courts.  This appeal followed.

### III.  ANALYSIS

Mr. Alexander appeals the decision of the Court of Federal Claims.  In addition, he requests that this court appoint an attorney for him, or grant him $600,000.

Dismissal by the Court of Federal Claims of a complaint for lack of jurisdiction is a question of law that this court reviews de novo.  Core Concepts of Fla., Inc. v. United States, 327 F.3d 1331, 1334 (Fed. Cir. 2003).  The jurisdiction of the Court of Federal Claims is governed by the Tucker Act, 28 U.S.C. § 1491.  The Tucker Act does not create enforceable substantive rights against the United States for money damages, but requires instead a substantive right that mandates monetary compensation from the Federal Government in another source of law.  Mitchell, 463 U.S. at 216.  Neither Mr. Alexander's original complaint, nor his complaint on appeal, sets forth any substantive law mandating compensation by the Federal Government.  In addition, the Court of Federal Claims does not have jurisdiction over section 1983 claims.  Blassingame v. United States, 33 Fed. Cl. 504, 505 (1995), aff'd, 73 F.3d 379 (Fed. Cir. 1995), cert. denied 517 U.S. 1237 (1996).  Nor does that court have jurisdiction over appeals from decisions of the federal district courts.  Vereda Ltd. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.

04-5095                                          3

1994)).  Therefore, the Court of Federal Claims was correct in its ruling that it had no jurisdiction to hear Mr. Alexander's complaint.